**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY SUITE 1412
NEW YORK, N.Y. 10006
(212) 346-4666
facsimile (212) 346-4668
e-mail lawschmidt@aol.com

Sam A. Schmidt, Esq.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/24

MEMO ENDORSED

March 5, 2024

Hon. Kimba M. Wood
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *United States v. Victor Delgado,*
       19-cr-732 (KMW)

Dear Honorable Judge Wood

    Mr. Delgado is a seventy-four (74) year old man. He was sentenced to 46 months incarceration followed by three years supervised release. Mr. Delgado has been on supervised release since June 16, 2022. He completed the out patient drug program as required by his sentence. Mr. Delgado's supervised release will be completed on June 23, 2025. He is requesting early termination of supervised release pursuant to 18 U.S.C. §§ 3583(e), 3564(c) and Fed.R.Cr.Proc. 32.1(c)(2)(B) on the grounds that early termination of the remaining balance of probation is warranted by defendant's conduct and is in the best interest of justice.[1]

    I have conferred his supervising probation officer, and she has informed me that though her office takes no position as to this request, Mr. Delgado has satisfied the requirements for him to be eligible for termination of his supervised release.

    If your Honor is satisfied that such action is warranted by the conduct of the

---

[1] As a courtesy to Mr. Delgado and the Court, I am filing this motion without a request for CJA fees. Should further litigation be necessary, I would request to be assigned nunc pro tunc to February 14, 2024..

1

defendant released and the interest of justice, this court has the authority to terminate a term of supervised release after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation. 18 U.S.C.§ 3583(e), §3564(c). As set forth in this letter, a consideration of these factors support this application.

As early as 2003, the Judicial Conference approved a policy that encouraged probation officers to seek early termination as soon as offenders were statutorily eligible as long as the offender had satisfied the conditions of supervision, had successfully reintegrated into the community, and did not pose a foreseeable risk to public safety. *See* Early Termination of Supervision: No Compromise to Community Safety by Laura M. Baber, James L. Johnson, Federal Probation, A Journal of Correctional Philosophy and Practice, Volume 77 Number 2, Office of Probation and Pretrial Services Administrative Office of the U.S. Courts.[2] This report states that the "Judiciary study of early termination of supervision of low-risk offenders shows that the practice not only saves money, it does so without compromising public safety."

> Early-term offenders save the probation and pretrial services system time when officers are no longer required to supervise them. Offenders receive early release from supervision an average of 15.7 months before their scheduled supervision term is set to expire. This, according to the report, allows districts to devote more resources to supervising and servicing offenders who are a greater risk to society.
>
> Early termination also saves money. In fiscal year 2012, the supervision of more than 7,000 offenders was terminated early, saving the Judiciary more than $7.7 million.
>
> "This practice promotes justice, conserves resources, and protects the public," said Judge Robert Holmes Bell, chair of the Judicial Conference Committee on Criminal Law.

---

[2] http://www.uscourts.gov/viewer.aspx?doc=/uscourts/FederalCourts/PPS/Fedprob/2013-09/no-compromise.html

2

Case 1:19-cr-00732-KMW  Document 79  Filed 03/05/24  Page 3 of 3

See summary of report at
http://news.uscourts.gov/early-termination-supervision-cost-effective-and-safe.

    Prior to his arrest, Mr. Delgado moved to Las Vegas with his wife. They were together residing in a retirement home. However, as a result of his arrest and conviction, Mr. Delgado was not only unable to reside with his wife at that location, he is barred from the premises. Because he had no residence he remained in a halfway house for nine months instead of spending the last 3-6 months in home confinement. After his release from the halfway house he resided in a furnished room for nine months and eventually was able to move to a small one bedroom for senior housing. Both he and his wife are retired and the requirement for them to maintain two households is financially difficult. Mr. Delgado survives on his net social security benefits of $1,246 a month.

    Mr. Delgado's wife is originally from the Philippines. During their marriage she was able to send money to the Philippines. She needs to travel with her husband to obtain the funds, return to Las Vegas and purchase a residence where both of them can reside. Ms. Delgado does not want to travel to the Philippines without her husband to assist her in obtaining the funds. Because he is on supervised release, he cannot obtain a passport nor travel to the Philippines.

    Therefore, I respectfully request that your Honor terminate Mr. Delgado's supervised release. **[Granted]**

Thank you for your Honor's consideration of this matter.

*[Handwritten: The Court grants defendant's request to terminate his supervised release]*

Sincerely yours,

/s/

Sam A. Schmidt
Attorney for Victor Delgado

SO ORDERED: N.Y., N.Y. 3/11/24

*/s/ Kimba M. Wood*
KIMBA M. WOOD
U.S.D.J.

3